# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

e360 INSIGHT, LLC, an Illinois Limited )
Liability Company, and DAVID LINHARDT, )
an individual, )

**06CV3958**

**JUDGE KOCORAS**

**MAGISTRATE JUDGE BROWN**

     Plaintiffs, )

FILED )

JUL 2 1 2006 )

JUL 21 2006 )

MICHAEL W. DOBBINS )

v. )

Case No. _____

THE SPAMHAUS PROJECT, a company limited )
by guarantee and organized under the laws of )
England, a/k/a THE SPAMHAUS PROJECT, LTD. )

    Defendant. )

## NOTICE OF REMOVAL

Defendant The Spamhaus Project, Ltd. ("Spamhaus" or "Defendant"), within the time

prescribed by law, files this Notice of Removal and respectfully shows to the Court the following

facts:

    1.    e360 INSIGHT, LLC and DAVID LINDHART have filed suit against Spamhaus

in the Circuit Court of Cook County, Chancery Division, State of Illinois, which County is

within the Eastern Division of this Court. This suit is styled as above and numbered Civil Action

Number 06CH12259 in that Court.

    2.    Spamhaus is a company organized under the laws of the United Kingdom.

Spamhaus is not a citizen of Illinois and was not a citizen of that State on the date of the filing of

the above-referenced civil action.

6081206v1 7048395

Dockets.Justia.com

3.     e360 INSIGHT, LLC and DAVID LINDHART are citizens of the State of Illinois.

4.     This suit is for a sum in excess of $75,000.00 because the Complaint seeks damage in an amount of "not less than $10,000,000.00." (Plaintiff's Complaint at ¶ 58 and the unnumbered paragraph beginning WHEREFORE).

5.     The above-styled civil action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and, accordingly, is one which may be removed to this Court by Spamhaus pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action in which the matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states.

6.     Spamhaus shows that this suit was instituted on June 21, 2006, in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, and service has not been perfected against Spamhaus. Spamhaus shows that this Notice of Removal is filed within thirty (30) days from the date of service of the suit on Spamhaus.

7.     Spamhaus has attached hereto copies of all process and pleadings served upon it in this case, such copies being marked "Exhibit A."

8.     Spamhaus has given written notice of the filing of this Notice of Removal to the Plaintiffs by notifying their attorney of record, Bartly J. Loethen, Synergy Law Group, LLC, 730

2

West Randolph, 6th Floor, Chicago, Illinois 60661. Spamhaus has filed a written notice with the Clerk of Court of Cook County, a copy of which is attached hereto and made a part hereof.

WHEREFORE, Defendant Spamhaus prays that the case be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

HINSHAW & CULBERTSON LLP

Evan D. Brown
ARDC No.: 6277187
Andrew B. Cripe
ARDC No.: 6242727
Hinshaw & Culbertson LLP
222 N LaSalle Street, Suite 300
Chicago, IL 60601-1081
Tel: (312) 704-3000
Fax: (312) 704-3001
Firm No.: 90384

Of Counsel
(Pro hac vice application to be filed ASAP)
Paul F. Wellborn III
Georgia Bar No. 746720
Kelly O. Wallace
Georgia Bar No. 734166
Jamie P. Woodard
Georgia Bar No. 775792
WELLBORN & WALLACE, LLC
1175 Peachtree St. NE
100 Colony Square, Suite 300
Atlanta, Georgia 30309-3450
Phone: (404) 815-9595
Fax:: (404) 815-9957
E-mail: pete@wellbornlaw.com
        kelly@wellbornlaw.com
        jamie@wellbornlaw.com

3



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

E360INSIGHT, LLC, )
an Illinois Limited Liability Company, and )
DAVID LINHARDT, an individual )
           )
    Plaintiffs, )
           )
    v. )
           )
THE SPAMHAUS PROJECT, )
a company limited by guarantee and )
organized under the laws of England, aka )
THE SPAMHAUS PROJECT LTD, )
           )
    Defendant. )

# 06CH12259

**Jury Demanded**

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs, e360Insight, LLC (e360) David Linhardt (Linhardt), by and through their attorneys, Synergy Law Group, LLC, for their Complaint against Defendant, The Spamhaus Project (a company limited by guarantee and organized under the laws of England), aka The Spamhaus Project Ltd. (collectively Spamhaus), state as follows:

### NATURE OF THE ACTION

1.    This is an action by e360, an internet marketing company, and Linhardt, its President (collectively "Plaintiffs"), for a preliminary and permanent injunction, as well as damages, against Spamhaus, a self appointed internet watch dog that has erroneously and repeatedly placed Plaintiffs on its Register Of Known Spam Operations (the ROKSO list), then wrongfully coerced Plaintiffs' business partners to refrain from doing business with Plaintiffs, causing Plaintiffs to lose substantial and significant business opportunities and further causing damage to Plaintiffs' reputations. Despite Plaintiffs informing Spamhaus on numerous occasions of their wrongful inclusion on the

ROKSO list and that they do not engage in spamming, and despite the damage this has caused and continues to cause Plaintiffs, Spamhaus has ignored their demands to be removed from the ROKSO list and continues to coerce and intimidate e Plaintiffs' business partners through illicit means designed to dissuade them from associating with Plaintiffs. This lawsuit seeks to enjoin that behavior and compensate Plaintiffs for the damage that Spamhaus has caused them.

## PARTIES

2.     e360 is an Illinois Limited Liability Company located in Wheeling, Illinois, with its principal offices located at 600 Northgate Parkway, Suite A.

3.     David Linhardt is an individual who resides at 500 Sumac Road, Highland Park, IL 60035.

4.     Defendant, Spamhaus, is, according to its current website located at http://www.spamhaus.org, a United Kingdom non-profit limited liability company (PRI/LBG/NSC/S.30). UK Company No. 05303831 located in London, England, with its "registered office address" and "address for documents" listed as Communications House, 26 York Street, London, W 1U 6PZ, United Kingdom. See http://www.spamhaus.org/faq/answers.lasso?section=Legal Questions. Spamhaus does business in Illinois by, among other things, marketing its services to companies, and specifically Internet Service Providers (ISP), located in Illinois.

## JURISDICTION AND VENUE

5.     Jurisdiction is proper because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in Illinois, or a substantial part of the property that is the subject of the action is situated in Illinois.

2

6.      Venue is proper in the Circuit Court of Cook County pursuant to 735 ILCS 5/2-101 because Spamhaus is not a resident of the state of Illinois and venue is therefore proper in any Circuit Court.

## FACTS COMMON TO ALL COUNTS

A.      **The Business In Which e360 Engages**

7.      e360 is an email based marketing company whose business practices have, at all times relevant to the allegations in this complaint, complied with, and continue to comply with all federal and state requirements and standards pertaining to the sending of commercial email, including the *Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003*, 15 U.S.C. § 7701 (CAN-SPAM).

8.      e360 uses ISPs to facilitate its marketing efforts on behalf of its business partners, and at all times relevant to the claims asserted in this complaint, e360 has complied, and continues to comply, with all Accepted Use Policies and Terms Of Service agreements stated by the ISPs.

9.      e360 is hired by and partners with companies that wish to market their products or services using the internet. This marketing is targeted to persons "opting in" to a list whereby they agree to accept email announcements. These persons sign up at lists owned by e360, which are then verified through a "double opt-in" process, or they sign up at sites belonging to e360's partners.

10.     e360 does not engage in "spamming", which is essentially the digital equivalent of sending junk mail that is neither asked for nor wanted. Unlike anyone engaged in spamming, the internet marketing in which e360 engages employs a variety of permission processes that e360 controls, and that its marketing partners use, to obtain

3

permission and consent from, and provide notice to, the consumers that receive the email messages.

11.     Before Spamhaus' wrongful acts, set forth in detail below, e360 had never been removed from any ISP for violating its Authorized Use Policy, Terms of Service, or any other policies and procedures.

**B.     Spamhaus Wrongfully Places Linhardt and e360 On The ROKSO List**

12.     Spamhaus is one of many organizations that act as a blacklisting agent for ISPs, who purchase Spamhaus' blocking technology in order to police their Accepted Use Policies and Terms of Use Agreements for compliance. ISPs do this so they can assure their customers that they will not be inundated by unwanted email solicitations and messages.

13.     One of the automated lists that Spamhaus generates is the ROKSO list. According to the Spamhaus website, an individual or entity needs to be terminated or "thrown off" from three ISPs before their identity is published on ROSKO. *See* http://www.spamhaus.org/faq/answers.lasso?section=ROKSO%20FAQ.

14.     As Spamhaus notes on its website: *"ROKSO is a "3 strikes" register. We don't list inadvertent spammers or newbie marketing departments spamming 'by mistake'. To get to 3 strikes (i.e.: 3 terminations for spam offences such as emailing spam, hosting spammers, selling spamware) requires a very determined spam outfit. Being thrown off an ISP takes a lot of doing ..body is thrown off an ISP without having been given ample warnings and chances to stop violating the ISPs Terms of Service. Being thrown off ISPs \*twice\* for the spam offences means the spammer is determined, knows the consequences, and has actually signed up to a new ISP with the specific intention of*

4

*breaking the ISPs Terms of Service. Being thrown off \*three\* ISPs for spam offences means the spammer is a committed hard-line spam operation which regards ISPs as simply throwaway resources." Id.*

15. In December 2003, despite its representations that the ROSKO list only contains the identities of individuals and entities that have been terminated by ISPs at least three times, Spamhaus listed Linhardt and e360 on the ROKSO list even though neither Linhardt nor e360 had ever been terminated from, or "thrown off of" any ISPs for violating any Acceptable Use Policy, Terms Of Service, or any other policy or procedure.

**C. Spamhaus Refuses To Correct Its Mistakes**

16. Linhardt and e360 immediately brought Spamhaus' error to its attention. Linhardt and e360 made numerous attempts to have their names removed from the ROKSO list by communicating the problem directly to Spamhaus. Instead of acknowledging its erroneous inclusion of Linhardt and e360 on the ROKSO list and removing them from the register, Spamhaus continued to keep Linhardt and e360 on the ROKSO list.

17. Currently, Linhardt and e360 remain listed on the Spamhaus website at http://www.spamhaus.org/rokso/searchresults.lasso. Entering "Linhardt" in the "search" field results in five listings, identified as ROK3795, ROK6763, ROK6764, ROK7776 and ROK4794. Entering "e360" results in seven listings, identified as ROK3931, ROK3795, ROK 6433, ROK6763, ROK6764, ROK7776 and ROK4794.

**D. Spamhaus Employs Additional Heavy Handed Tactics**

18. In addition to erroneously placing Linhardt and e360 on the ROKSO list, and then refusing to remove them even after repeatedly being informed of their mistake,

5

Spamhaus has directly caused damage to e360 and Linhardt in numerous ways. Spamhaus coerced and intimidated a number of e360's partners by conveying that continued involvement with e360 and Linhardt by such parties would have dire consequences for the partner's ability to continue engaging in e-commerce on the internet. This is because Spamhaus (on its own initiative) labels the partner a spammer solely due to its association with e360 and Linhardt, and then indiscriminately blocks *all* of the partner's e-mail from being sent regardless of its content. Only when a partner would terminate its agreement(s) with e360 and Linhardt would Spamhaus release the block. Spamhaus' blocking technology, in combination with the ROKSO list, has been so effective that numerous partners have: (a) terminated existing relationships with e360 and Linhardt, (b) refused to provide e360 and Linhardt with additional bandwidth necessary to maintain e360 as a going concern, and (c) resulted in a number of potential partners refusing to do business with e360 and/or Linhardt solely because Spamhaus has unilaterally, yet wrongfully, deemed e360 and Linhardt to be spammers. In essence, Spamhaus holds e360 and Linhardt's partners' hostage, and coerces others at e360 and Linhardt's expense.

19. Spamhaus' coercion of e360 and Linhardt's partners is facilitated by the ROKSO list. On its website, Spamhaus promotes the efficacy of the ROSKO list by noting that it includes only serious offenders: *"ROKSO is a register of known hard-line professional spam operations (bulk emailers and "spam gangs") that have been thrown off Internet Service Providers 3 times or more for spamming or spam-related offenses. As the ROKSO database collates information and evidence on each gang, it's an invaluable tool for ISP Abuse Desks to vet prospective customers. For the legal departments of ISPs*

6

*who are looking for the information linking the spam they get to the spammers sending it.*
*Global Law Enforcement Agencies also use the data to help track down and bring to*
*justice spammers who are violating any number of laws when spamming." See*
http://www.spamhaus.org/faq/answers.lasso?section=ROKSO%20FAQ. Thus, by placing
e360 and Linhardt on the ROKSO, even erroneously, Spamhaus can justify its heavy-
handed tactics to third parties by telling them that they are dealing with a "hard-line"
professional spam operation.

20.     As a result, Spamhaus tactics, facilitated by its use of the ROKSO list,
have disastrous consequences. As Spamhaus notes: *"No ISP with any sense will allow*
*ROKSO spammers on their network." See* http://www.spamhaus.org/rokso/about.html.

E.     **Spamhaus' Actions Have Dire Consequences For e360 And Linhardt**

21.     Linhardt and e360 have in fact suffered disastrous consequences as a
direct result of being placed on the ROKSO list and being subjected to Spamhaus' tactics.
e360 generates revenue based on the volume of emails it sends to people on its client lists
who have opted-in (that is, requested or agreed to receive the emails). e360 cannot
generate this revenue when Spamhaus blocks e360 from sending the messages.

22.     e360 and Linhardt also have had active and pending contracts cancelled,
and have lost numerous opportunities to obtain future work. e360 and Linhardt's
reputation in the business community has suffered significantly and continues to suffer,
all as a direct consequence of Spamhaus' wrongful acts.

23.     e360 also requires significant bandwidth (or data transfer capacity) to
perform its services for its customers to send email to those who have signed up to
receive those emails. The inclusion of e360 and Linhardt on the ROKSO list has made it

7

increasingly difficult to purchase bandwidth, and impossible in some cases, because Spamhaus continues the coercive tactics described above with the ISP's who provide bandwidth, thereby threatening the very existence of e360's business.

24.     To date, and despite repeated requests to remove Linhardt and e360 from the ROKSO list, Spamhaus refuses to do so. Spamhaus' refusal has caused substantial harm to Linhardt and e360, so much so that Linhardt and e360 face irreparable harm to their economic interests and reputations such that only the equitable relief sought below will be adequate under the continuing circumstances of this case.

**COUNT I**
**(Injunctive Relief)**

25.     Plaintiffs, e360 and Linhardt, re-allege and incorporate by reference each of the allegations contained in paragraphs 1-24 as if fully stated herein.

26.     Spamhaus wrongfully placed e360 and Linhardt on the ROSKO list and, despite being informed of its mistake and repeated demands to remove e360 and Linhardt from the ROKSO list, Spamhaus refused and continues to refuse to do so.

27.     As a result of Spamhaus' wrongful acts, e360 and Linhardt have been and continue to be irreparably harmed. The harm e360 and Linhardt have suffered and continue to suffer as a result of Spamhaus' wrongful acts is such that there is no adequate remedy at law that will make e360 and Linhardt whole.

28.     Without this Court's intervention, e360 and Linhardt will continue to sustain irreparable harm directly caused by Spamhaus' wrongful acts.

WHEREFORE, Plaintiffs e360Insight, LLC and David Linhardt respectfully request that this Court enter an Order:

8

a) Requiring Spamhaus to immediately and permanently remove any reference to either e360Insight, LLC or David Linhardt from Spamhaus' Register Of Known Spam Operations;

b) Requiring Spamhaus to immediately post on Spamhaus' website, on both the Home page and the ROKSO jump page for a period of six (6) months a notice to inform persons that e360 and Linhardt were erroneously included on the ROKSO list, and that neither e360 nor Linhardt were or are spammers or previously engaged or now engage in any activity that would warrant their inclusion on ROKSO;

c) Requiring Spamhaus to Refrain from placing e360 or Linhardt on ROKSO in the future unless and until Spamhaus can establish the propriety of doing so to the Courts satisfaction, and obtain an order from this Court permitting Spamhaus to place e360 or Linhardt on ROKSO;

d) Retaining jurisdiction over this matter to enforce Spamhaus' compliance with the provisions listed above;

e) Any such other and further relief as this court deems equitable and just.

## COUNT II
### (Tortious Interference With Contract)

29.    Plaintiffs, e360and Linhardt, re-allege and incorporate by reference each of the allegations contained in paragraphs 1-24 as if fully stated herein.

30.    e360 had valid and enforceable contracts with others to provide services for the marketing of commercial mail.

31.    Spamhaus was aware of these contractual relationships because Spamhaus was told by e360 or Linhardt that they existed or Spamhaus ascertained the existence of

9

these contractual relationships through its efforts to block anyone associating with e360 and Linhardt.

32. Spamhaus intentionally and unjustifiably induced the breach of numerous e360 contracts through a course of intimidation and threats, by directly interrupting e360 partners' businesses, and by effectively shutting e360's partners' businesses down by blocking the sending of all emails by such partners contracting with e360 until such partners terminate their contractual relationships with e360 and Linhardt.

33. Certain contracts were in fact breached by e360's partners as a result of Spamhaus' wrongful acts described in this complaint. This occurred on numerous occasions, involving e360 partners ChiTownAds.com, Inc., SmartBargains, OptinReal Big, Vendare Media, Sprint, and Netsonic and others.

34. e360 and Linhardt suffered damages as a result of these contracts being breached in an amount it estimates exceeds $2,000,000.00.

WHEREFORE, Plaintiffs e360Insight, LLC and David Linhardt respectfully request that this Court enter an Order granting them damages in an amount to be determined at trial, plus interest at the maximum legal rate, attorney fees, and such other and further relief as this court deems equitable and just.

### COUNT III
#### (Tortious Interference With Prospective Economic Advantage)

35. Plaintiffs, e360 and Linhardt, re-allege and incorporate by reference each of the allegations contained in paragraphs 1-24 as if fully stated herein.

36. e360 and Linhardt had a reasonable expectation that it would enter into valid business relationships with numerous business partners to provide them with marketing services for commercial internet email.

10

37.    Spamhaus was at all time relevant to the claims asserted in this Complaint aware of these business relationships.

38.    Spamhaus intentionally and unjustifiably interfered with numerous e360 prospective business relationships through a course of coercion, intimidation and threats that included the threat to block emails sent from parties that would do business with e360, blocking email from parties that would do business with e360 and actually blocking emails being sent to parties who had agreed in writing to receive such commercial emails.

39.    e360 suffered damages as a result of Spamhaus' interference with these prospective relationships in an amount it estimates to exceed $ 5,000,000.00

WHEREFORE, Plaintiffs e360Insight, LLC and David Linhardt respectfully request that this Court enter an Order granting them damages in an amount to be determined at trial, plus interest at the maximum legal rate, attorney fees, and such other and further relief as this court deems equitable and just.

### COUNT IV
### (Defamation Per Se)

40.    Plaintifs e360 and Linhardt re-allege and incorporate by reference each of the allegations contained in paragraphs 1-24 as if fully stated herein.

41.    Words that prejudice a party, or impute lack of ability, in his or her trade, profession or business are considered actionable per se and give rise to a cause of action for defamation without a showing of special damages. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 88 (1996).

42.    A statement that falls within the actionable per se category is considered so obviously and materially harmful that injury to reputation may be presumed. *Id.* at 87.

43.     Spamhaus has made unprivileged statements on its website, http://www.spamhaus.org, that e360 and Linhardt were spammers, were terminated by a number of ISPs, and were liars regarding e360's opt-out technology. Specifically, Spamhaus has stated the following on its website.

- *12/2003 - Linhardt's spam company ENNINC.COM kicked off host bigcitytech.com - he was reportedly terminated due to "unsolicted email issues, an incredibly excessive complaint ratio, lack of payment, and general surliness" - SBL11250 207.229.190.0/27*

- *8/2004 - e360insight kicked off host chitownads.com, SBL14723 66.192.75.0/24*

- *12/2004 - e360insight terminated from sprint.net, SBL17529 63.160.83.64/26*

- *1/2005 - Linhardt's spam domains evorav.us etc, kicked off spammer Scott Richter's WholeSaleBandwidth, 69.6.63.71/31*

- *4/2006 - Dave Linhardt kicked off netsonic.net, he was providing hosting there for Brian Haberstroh (using the fake name Habverstroh), SBL40411 66.180.172.0/24*

See http://www.spamhaus.org/rokso/evidence.lasso?rokso_id=ROK6763. A true and correct copy of this page is attached to this Complaint as Exhibit A and incorporated by reference.

44.     e360 and Linhardt are not now, nor were they ever, spammers, nor were they terminated by any ISPs before becoming entangled with Spamhaus in December of 2003.

45.     Spamhaus' false and unprivileged statements, made with the malicious intent to injure e360 and Linhardt's and their future business prospects, have not only injured the reputations of both e360 and Linhardt and caused clients to question the ability of e360 and Linhardt to perform the services that the clients have retained them to perform within compliance of various Acceptable Use Standards, Terms Of Service Agreements, ISPs' other policies and procedures, as well as the state and federal laws governing the distribution of commercial email. These statements are actionable per se.

46.     The statements made by Spamhaus have not only substantially prejudiced e360 and Linhardt's reputations, but have also caused e360 and Linhardt to lose business.

47.     Spamhaus' defamatory statements have caused e360 and Linhardt to suffer damages to their reputations in an amount in excess of $ 5,000,000.00.

WHEREFORE, Plaintiffs e360Insight, LLC and David Linhardt respectfully request that this Court enter an Order granting them damages in an amount to be determined at trial, plus interest at the maximum legal rate, attorney fees, and such other and further relief as this court deems equitable and just.

## COUNT V
### (Defamation Per Quod)

48.     Plaintiffs e360 and Linhardt re-allege and incorporate by reference each of the allegations contained in paragraphs 1-24 as if fully stated herein.

49.     Spamhaus has made unprivileged statements on its website, http://www.spamhaus.org, that e360 and Linhardt were spammers, were terminated by a number of ISPs, and were liars regarding e360's opt-out technology. Specifically, Spamhaus has stated the following on its website.

- *12/2003 - Linhardt's spam company ENNINC.COM kicked off host bigcitytech.com - he was reportedly terminated due to "unsolicted email issues, an incredibly excessive complaint ratio, lack of payment, and general surliness" - SBL11250 207.229.190.0/27*

- *8/2004 - e360insight kicked off host chitownads.com, SBL14723 66.192.75.0/24*

- *12/2004 - e360insight terminated from sprint.net, SBL17529 63.160.83.64/26*

- *1/2005 - Linhardt's spam domains evorav.us etc, kicked off spammer Scott Richter's WholeSaleBandwidth, 69.6.63.71/31*

- *4/2006 - Dave Linhardt kicked off netsonic.net, he was providing hosting there for Brian Haberstroh (using the fake name Habverstroh), SBL40411 66.180.172.0/24*

See http://www.spamhaus.org/rokso/evidence.lasso?rokso_id=ROK6763. A true and correct copy of this page is attached to this Complaint as Exhibit A and incorporated by reference.

50.     e360 and Linhardt are not now, nor were they ever, spammers, nor were they terminated by any ISPs before becoming entangled with Spamhaus in December of 2003.

51.     Spamhaus' false and unprivileged statements, made with the malicious intent to injure e360 and Linhardt's and their future business prospects, have not only injured the reputation of both e360 and Linhardt and caused clients to question the ability of e360 and Linhardt to perform the services that the clients have retained them to perform within compliance of various Acceptable Use Standards, Terms Of Service

14

Agreements, ISPs' other policies and procedures, as well as the state and federal laws governing the distribution of commercial email.

52.     The statements made by Spamhaus have not only substantially prejudiced e360 and Linhardt's reputation, but have also caused e360 and Linhardt to lose business.

53.     Spamhaus' defamatory statements have caused e360 and Linhardt to suffer actual damages to their reputations in an amount in excess of $ 5,000,000.00.

WHEREFORE, Plaintiffs e360Insight, LLC and David Linhardt respectfully request that this Court enter an Order granting them damages in an amount to be determined at trial, plus interest at the maximum legal rate, attorney fees, and such other and further relief as this court deems equitable and just.

## COUNT VI
### (Punitive Damages Against Spamhaus)

54.     Plaintiffs, e360 and Linhardt, re-allege and incorporate by reference each of the allegations contained in paragraphs 1-24, and 29-53 as if fully stated herein.

55.     Spamhaus has acted, and continues to act, maliciously and willfully or with such gross negligence as to indicate wanton disregard of the rights of others by acts which include, but are not limited to, intentionally interfering e360 and Linhardt's business relationships, inducing others to breach their contracts with e360 and defaming e360 and Linhardt.

56.     The acts detailed in paragraphs 1-24 and ⹁-53 were that of Spamhaus and its employees or agents acting within the scope of their employment and with the authorization, ratification or reckless employment by Spamhaus. Therefore, Spamhaus is subject to e360 and Linhardt's claim for punitive damages.

57.   An award of punitive damages is appropriate to punish the past acts of Spamhaus and to deter Spamhaus from conduct similar to that alleged in this Complaint.

58.   Therefore, e360 and Linhardt request an award of punitive damages in an amount sufficient to punish Spamhaus for its past reprehensible conduct and to deter Spamhaus from engaging in conduct similar to that alleged in this Complaint.

WHEREFORE, Plaintiffs e360Insight, LLC and David Linhardt respectfully request that this Court enter an Order granting them punitive damages of not less than $10,000,000.00, and such other and further relief as this court deems equitable and just.

Respectfully submitted,

E360Insight, LLC. and David Linhardt

By: _____
One of Their Attorneys

Bartly J. Loethen
Joseph L. Kish
Kristen M. Lehner
Synergy Law Group, LLC
730 West Randolph, 6th Floor
Chicago, Illinois 60661
Telephone: (312) 454-0015
Facsimile: (312) 454-0261
Firm ID No. 38398

16

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

E360INSIGHT, LLC,                           )
an Illinois Limited Liability Company, and  )
DAVID LINHARDT, an individual               )
                                            )
    Plaintiffs,          )    **06 CH 12259**
                                            )
    v.                   )
                                            )
THE SPAMHAUS PROJECT,                       )
a company limited by guarantee and          )
organized under the laws of England, aka    )
THE SPAMHAUS PROJECT LTD,                    )
                                            )
    Defendant.           )

### TEMPORARY RESTRAINING ORDER

This cause coming on to be heard on Plaintiffs' Motion for Temporary Restraining Order, notice having been given to Defendants by Federal Express and by email at admin-generic@spamhaus.org; Defendants not appearing; the Court having considered Plaintiffs' Complaint and Amended Complaint, Plaintiffs' Motion for Temporary Restraining Order, the Affidavit of David Linhardt, and Plaintiffs' Memorandum of Law in support thereof; and the Court having considered the arguments of counsel, finds as follows:

    A.    Plaintiffs have shown that they have a clearly ascertainable right in need of protection that is, the continuation of E360Insight as a going concern;

    B.    Plaintiffs have shown that there is a fair question that Plaintiffs will succeed on the merits in that there appears to be an issue as to whether Defendant, The Spamhaus Project, aka The Spamhaus Project Ltd., properly included E360Insight and David Linhardt on the ROKSO list;

C.   Plaintiffs have shown that they will suffer irreparable harm if an
     injunction does not issue, namely that E360Insight will cease operating;
     and

D.   Plaintiffs have shown that they have no adequate remedy at law or in
     equity, because damages will not compensate for E360Insight, LLC or
     David Linhardt's loss of good will or damage to reputation, nor reestablish
     E360Insight, LLC as a going concern.

Wherefore, IT IS HEREBY ORDERED as follows:

1.   Plaintiffs' Motion for a Temporary Restraining Order is granted.

2.   A Temporary Restraining Order, without bond, is entered to commence
Monday, July 24, 2006 at 5:00 p.m. CDT (10:00 p.m. GMT), requiring Defendant The
Spamhaus Project, aka The Spamhaus Project Ltd. to remove any reference to Plaintiffs
e360Insight, LLC and David Linhardt, or either of them, from Spamhaus' Registry Of
Known Spam Operations ("ROKSO") list (listings identified as ROK3795, ROK6763,
ROK7776, ROK4794, ROK3931, ROK6433, and ROK6764). Nothing in this Order
shall preclude Defendants from determining, based on Spamhaus' criteria, that Plaintiffs'
future actions warrant inclusion on the ROKSO list.

3.   This Temporary Restraining Order shall remain in full force and effect
pending the final hearing on Plaintiffs' Motion for Preliminary Injunction, unless sooner
modified or dissolved.

4.   For good cause shown bond is waived.

5.   Plaintiffs are granted leave to serve expedited discovery on Defendants.

2

6. Plaintiffs are to serve a copy of this Order on Defendants by through the same process server who served Defendants with the Summons and Complaint and also by email at admin-generic@spamhaus.org.

7. This matter is set for a status hearing on Wednesday, July 26, 2006 at 10:15 a.m. in Room 2402.

8. This Temporary Restraining Order is entered at 9:58 a.m. on July 20, 2006.

Dated: July 20, 2006

Enter:

ENTERED
JUDGE PHILIP L. BRONSTEIN-1551

JUL 20 2006

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

3

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

E360INSIGHT, LLC,  )
an Illinois Limited Liability Company, and  )
DAVID LINHARDT, an individual  )
     )
    Plaintiffs,  )    **06 CH 12259**
     )
    v.  )
     )
THE SPAMHAUS PROJECT,  )
a company limited by guarantee and  )
organized under the laws of England, aka  )
THE SPAMHAUS PROJECT LTD,  )
     )
    Defendant.  )

### CERTIFICATE OF SERVICE

To:    The Spamhaus Project
    Registered Office
    Communications House
    26 York Street
    London, W1U 6PZ, England

    admin-generic@spamhaus.org

    The undersigned, an attorney, certifies that he caused a copy of the Temporary Restraining Order entered by Judge Bronstein of the Circuit Court of Cook County, Illinois on July 20, 2006, to be served upon the above named party, by placing same with Federal Express in Chicago, Illinois and via email at admin-generic@spamhaus.org on the 20th day of July, 2006.

                                  Joseph L. Kish

Synergy Law Group, LLC
730 West Randolph Street, 6th Floor
Chicago, IL 60661
(312) 454-0015
Firm No. 38398

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| e360 INSIGHT, LLC, an Illinois Limited Liability Company, and DAVID LINHARDT, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 06CH12259 |
| THE SPAMHAUS PROJECT, a company limited by guarantee and organized under the laws of England, a/k/a THE SPAMHAUS PROJECT, LTD. | ) ) ) ) | |
| Defendant. | ) | |

### NOTICE OF FILING REMOVAL

Defendant The Spamhaus Project, Ltd. ("Spamhaus" or "Defendant") hereby gives notice

that it has this day filed a Notice of Removal with the United States District Court for the

Northern District of Illinois, Eastern Division, a true and correct copy of which (without

exhibits) is attached hereto and incorporated herein by reference. Pursuant to 28 U.S.C. §

1446(d), this Court is divested of jurisdiction in this matter.

HINSHAW & CULBERTSON LLP

By: _____
Evan D. Brown
Hinshaw & Culbertson LLP
222 N LaSalle Street
Suite 300
Chicago, IL 60601-1081
Tel: (312) 704-3000
Fax: (312) 704-3001
Firm No.: 90384

Of Counsel
(Pro hac vice application to be filed ASAP)
Paul F. Wellborn III
Georgia Bar No. 746720

Kelly O. Wallace
Georgia Bar No. 734166
Jamie P. Woodard
Georgia Bar No. 775792
WELLBORN & WALLACE, LLC
1175 Peachtree St. NE
100 Colony Square, Suite 300
Atlanta, Georgia 30309-3450
Phone: (404) 815-9595
Fax:: (404) 815-9957
E-mail: pete@wellbornlaw.com
        kelly@wellbornlaw.com
        jamie@wellbornlaw.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

e360 INSIGHT, LLC, an Illinois Limited )
Liability Company, and DAVID LINHARDT, )
an individual, )
                               )
      Plaintiffs, )
                               )
v.                               )    Case No. 06CH12259
                               )
THE SPAMHAUS PROJECT, a company limited )
by guarantee and organized under the laws of )
England, a/k/a THE SPAMHAUS PROJECT, LTD. )
                               )
      Defendant. )

## CERTIFICATE OF SERVICE

I hereby certify that on July 21st, 2006, I filed the foregoing NOTICE OF FILING

REMOVAL with the Clerk of Court and that I have mailed by via First Class Mail, Postage

Prepaid, the foregoing Answer to the following counsel of record and/or unrepresented parties:

    Joseph L. Kish
    Synergy Law Group
    730 West Randolph, 6th Floor
    Chicago, IL 60661

                          HINSHAW & CULBERTSON LLP

                          _____

                          Evan D. Brown
                          Hinshaw & Culbertson LLP
                          222 N LaSalle Street
                          Suite 300
                          Chicago, IL 60601-1081
                          Tel: (312) 704-3000
                          Fax: (312) 704-3001
                          Firm No.: 90384