IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| E360INSIGHT, LLC,<br>an Illinois Limited Liability Company, and<br>DAVID LINHARDT, an individual | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) | **06 CV 3958** |
| | ) | |
| v. | ) | **Judge Kocoras** |
| | ) | |
| THE SPAMHAUS PROJECT,<br>a company limited by guarantee and<br>organized under the laws of England, aka<br>THE SPAMHAUS PROJECT LTD, | ) <br> ) <br> ) <br> ) <br> ) | **Magistrate Judge Brown** |
| Defendant. | ) | |

## PLAINTIFFS' MOTION FOR AN ORDER FINDING GOOD CAUSE TO REGISTER A JUDGMENT PURSUANT TO 28 U.S.C. § 1963

Plaintiffs, e360Insight, LLC and David Linhardt (collectively "Plaintiffs"), by and through their attorneys, Synergy Law Group, LLC, respectfully request that this Court grant Plaintiffs' Motion for an Order Finding Good Cause to Register a Judgment Pursuant to 28 U.S.C. § 1963 ('Motion"), and allow Plaintiffs to register its default judgment, in the United States District Court for the Northern District of Mississippi. In support of this Motion Plaintiffs state as follows:

1. On September 13, 2006, this Court issued an Order of default judgment and a permanent injunction against Defendant (the "Order" attached hereto as Exhibit A).

2. Defendant has not complied with the Order.

3. On October 31, 2006, this Court denied Defendant's Motion to Vacate the Default Judgment and denied Defendant's Motion for Stay of Enforcement of Judgment Pending Appeal.

4.    Pursuant to 28 U.S.C. § 1963, this Court can allow Plaintiffs to register its judgment in the United States District Court for the Northern District of Mississippi. The statute provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any ... district court ... may be registered by filing a certified copy of the judgment in any other district ... when ordered by the court that entered the judgment for good cause shown.

5.    Plaintiffs can show good cause for allowing the judgment to be registered in a foreign district for following reasons:

   a.   Defendant has not obtained an automatic stay of enforcement of the default judgment under Federal Rule of Civil Procedure 62(d), because it has not posted a supersedeas bond.

   b.   Defendant has failed to comply with this Court's orders in the past, and has made no attempt to prove it will act with good faith moving forward, nor has it given this Court any reason to believe it will comply with a final judgment in Plaintiffs' favor.

   c.   Defendant has refused to provide information that would confirm it has sufficient assets to satisfy the default judgment. This refusal puts Plaintiffs in a precarious position because it forces Plaintiffs to move forward with costly litigation without having adequate assurances of Defendant's ability to pay the full judgment amount. Additionally, when the judgment and Order are affirmed, Plaintiffs face a high likelihood that Defendant will abandon these proceedings again and refuse to satisfy Plaintiffs' judgment.

6.    Plaintiffs have shown good cause for this Court to enter an order recognizing the good cause and allowing Plaintiffs to register its default judgment in the

United States District Court for the Northern District of Mississippi. Unless Defendant posts a supersedeas bond to demonstrate its good faith in these proceedings, this Court should grant Plaintiffs' Motion and grant such further relief as this Court deems necessary and just.          .

Respectfully submitted,

e360Insight, LLC and David Linhardt

By: ___/s/ Bartly J. Loethen___
          One of Their Attorneys

Bartly J. Loethen
Joseph L. Kish
Kristen M. Lehner
Synergy Law Group, LLC
730 West Randolph, 6th Floor
Chicago, Illinois 60661
Telephone: (312) 454-0015
Facsimile: (312) 454-0261

3

# EXHIBIT A

Order Form(01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3958 | **DATE** | September 13, 2006 |
| **CASE TITLE** | e360 Insight, LLC et al vs. The Spamhaus Project | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion [20] for default judgment and order for permanent injunction is granted in part and denied in part. Default judgment is entered in favor of the plaintiffs and against defendant for compensatory damages totaling $11,715,000.00 for tortious interference with existing contractual relations and prospective economic advantage and $1,971.05 in litigation costs. Plaintiffs' request for an award of $15,000,000.00 in punitive damages and $38,724.50 in attorneys' fees is denied. The Court enters a permanent injunction as described below.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

### ORDER

This matter has come before the court on the motion of Plaintiffs e360Insight, LLC and David Linhardt for default judgment on its complaint against Defendant The Spamhaus Project ("Spamhaus"). Though Spamhaus initially defended the action, it subsequently withdrew its answer and its attorneys withdrew their appearance. It has taken no further official action to challenge Plaintiffs' allegations. On August 23, 2006, Plaintiffs' motion for entry of default was granted. Plaintiffs have now submitted affidavits to support their request for compensatory damages totaling $11,715,000 for tortious interference with existing contractual relations and prospective economic advantage and $1,971.05 in litigation costs. Spamhaus has not countered Plaintiffs' claims of entitlement to this relief or the amounts requested, and they are therefore awarded.

Plaintiffs have also requested an award of $15,000,000 in punitive damages and $38,724.50 in attorneys' fees. However, nothing in the documentation filed in support of the instant motion indicates behavior so malicious and egregious that punitive damages are in order. Neither have Plaintiffs provided a basis for us to deviate from the standard rule of American litigation that a party to a lawsuit pays its own attorneys' fees absent some authority to shift the burden, such as a statute, a rule of procedure, or prior agreement of the parties. See, e.g., 42 U.S.C. § 1988; West Lafayette Corp. v. Taft Contracting Co., Inc., 178 F.3d 840, 842 (7th Cir. 1999); Fed. R. Civ. Proc. 37(a)(4)(A). Consequently, these amounts are not awarded.

Finally, Plaintiffs have requested entry of a permanent injunction. The facts Plaintiffs have alleged remain unchallenged. Accordingly, we find that Spamhaus has wrongfully placed Plaintiffs on its blacklist of companies who have sent spam email; tortiously interfered with Plaintiffs' contracts with its suppliers and customers; tortiously interfered with Plaintiffs' prospective economic advantage by blocking email Plaintiffs attempted to send; and defamed Plaintiffs by publishing false statements about Plaintiffs on its website. We hereby order that:

## STATEMENT

1. Spamhaus shall not take any action to cause email sent by Plaintiffs or their affiliates, subsidiaries, or related companies owned or controlled by Plaintiffs to be blocked, delayed, altered, or interrupted in any way (including, without limitation, by listing Plaintiffs on Spamhaus's ROKSO list, within an SBL listing on Spamhaus's website, using blacklisting technology in concert or conjunction with others, or taking any other action to cause any such interference) unless Spamhaus can demonstrate by clear and convincing evidence that Plaintiffs have violated relevant United States law. Such clear and convincing evidence may only be shown after proving Plaintiffs with an opportunity to review any alleged offending email, including a review of the email header and content (in its entirety), and providing Plaintiffs with an opportunity to show the offending email was not sent in violation of United States law to the satisfaction of a reasonable person. If such clear and convincing evidence is shown, then and only then may Spamhaus list the Internet Protocol (IP) address, and only the IP address, from which the offending email was sent on its website.

2. Spamhaus shall not list entire networks or ranges of IP addresses owned or operated by Plaintiffs simply because they are registered in the Plaintiffs' names or physical addresses without meeting the clear and convincing standard for the IP address in question.

3. Spamhaus shall post, within five business days of the date of this order, on its website at both the main home page and at the ROKSO jump page, a message of 1 inch by 1 inch, the text of which is to be reasonably approved by Plaintiffs, and which, generally, indicates that Plaintiffs were erroneously listed on the website as spammers and that Plaintiffs are not spammers. Defendant Spamhaus shall leave such message on its site for a period of six months.

4. Spamhaus shall not contact or cause others to contact any customers or suppliers of the Plaintiffs in efforts to cause said customers or suppliers to cease doing business with Plaintiffs.

5. Spamhaus shall not contact or cause others to contact any customers or suppliers of Plaintiffs and allege or assert that Plaintiffs are spammers or other like term.

Dated:  September 13, 2006

Charles P. Kocoras

**CHARLES P. KOCORAS**
**U.S. District Court Judge**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Plaintiffs' Motion for an Order Finding Good Cause to Register a Judgment Pursuant to 28 U.S.C. § 1963 was served upon the attorneys listed below electronically through CM/ECF on February 14, 2007.

Carrie A Fino    cfino@jenner.com

Stephen M Geissler    sgeissler@jenner.com,

Joseph L Kish    jkish@synergylawgroup.com

Kristen M Lehner    klehner@synergylawgroup.com

Craig Christopher Martin    cmartin@jenner.com, docketing@jenner.com

Matthew M. Neumeier    mneumeier@jenner.com

By: ___/s/ Bartly J. Loethen_____
           One of Their Attorneys

Bartly J. Loethen
Joseph L. Kish
Kristen M. Lehner
Synergy Law Group, LLC
730 West Randolph, 6th Floor
Chicago, Illinois 60661
Telephone: (312) 454-0015
Facsimile: (312) 454-0261