UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| e360 INSIGHT, LLC, an Illinois Limited Liability Company, and DAVID LINHARDT, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 06 C 3958 |
| THE SPAMHAUS PROJECT, a company limited by guarantee and organized under the laws of England, a/k/a THE SPAMHAUS PROJECT, LTD., | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant The Spamhaus Project ("Spamhaus") for a jury trial on the issue of the existence and amount of damages incurred by Plaintiffs e360 Insight, LLC and David Linhardt.

## BACKGROUND

On June 21, 2006, e360 filed suit against Spamhaus, a British organization, in Cook County Circuit Court asserting various causes of action under Illinois law. The complaint asked for injunctive relief and damages and contained a jury demand. On July 21, 2006, through predecessor counsel, Spamhaus removed the case to federal court on diversity grounds. Four days later, Spamhaus filed an answer, which did not include a

jury demand. On August 17, Spamhaus' predecessor counsel indicated to e360's attorney that Spamhaus had released their counsel and instructed them to withdraw their representation. Predecessor counsel also stated that Spamhaus intended to cease litigating the case by withdrawing their answer and refusing to comply with e360's discovery requests. Following this conversation, e360 filed separate motions to show cause for Spamhaus's failure to abide by the Cook County Circuit Court judge's discovery and temporary restraining orders. Spamhaus' predecessor counsel then submitted a motion to withdraw their representation.

On August 23, 2006, we held a hearing on the motions to show cause and the motion to withdraw. During that hearing, Spamhaus' predecessor counsel stated that Spamhaus no longer wanted to defend against e360's suit and moved to withdraw the answer. Counsel stated that he had conveyed to Spamhaus the likelihood of default judgment given the chosen course of action but Spamhaus had nevertheless decided to take the risk. Spamhaus' motion to withdraw their answer and predecessor counsel's motion to withdraw their appearance were granted.

Shortly thereafter, e360 moved for an order of default judgment and permanent injunctive relief against Spamhaus. As was the case with all e360's filings, this motion alluded to e360's jury demand. On September 13, we granted in part and denied in part the motion, awarding e360 compensatory damages and litigation costs but denying their

request for punitive damages and attorneys fees. We also granted the request for permanent injunctive relief against Spamhaus.

Spamhaus then appealed with the assistance of present counsel. In September 2007, the Seventh Circuit affirmed on issues of liability but remanded for a new calculation of damages and reformulation of the issued injunction. Two years of proceedings ensued, including extensive litigation of discovery issues. During this latter phase, e360's filings no longer contained any mention of its earlier jury demand. Once discovery was completed, Spamhaus moved for summary judgment in its favor on the issues remaining in the suit. After the motion was denied, the parties were ordered to prepare a joint submission on issues for trial; one of the questions was whether the trial would be to a jury or to the bench. e360 prefers the latter and Spamhaus the former, though it never made a formal jury demand. Spamhaus now moves pursuant to Fed. R. Civ. P. 39(b) for an order permitting it to present the case to a jury.

## LEGAL STANDARD

Fed. R. Civ. P. 38(b)(1) states that a party has 10 days to make a jury demand after the last pleading directed to the issue to be tried to a jury is served. Subsection (d) of Rule 38 provides that if a demand is not properly served and filed, the right to a jury trial is waived. However, Fed. R. Civ. P. 39(b) states that a court may order a jury trial

on any issue for which a jury might have been demanded, even if a demand is not properly made. The decision whether to permit the late request is a discretionary one. *See Members v. Paige*, 140 F.3d 699, 703 (7th Cir. 1998) (calling Rule 39(b) an "open-ended grant of discretion"). Naturally, this does not mean that a court's decision is unbounded; rather, it must be a nonarbitrary choice reached through reasoned analysis, and the outcome must be one with which a reasonable person could agree. *See*, *e.g.*, *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009); *Magallanes v. Illinois Bell Telephone Co.*, 535 F.3d 582, 584 (7th Cir. 2008); *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 688 n.5 (7th Cir. 2008). The moving party's reasons for missing the deadline should be examined with an open mind, taking into account the specific fact situations of each case. *See Members*, 140 F.3d at 703.

## DISCUSSION

As stated above, the trigger for the 10-day deadline for a jury demand is service of the last pleading directed to the issue that is asked to be tried to a jury. Though the parties have not explored what date marked the beginning of the 10-day period, it is clear that Spamhaus' request is untimely.

Rule 39(b) does not provide any definitive criteria to be employed in deciding whether to order a jury trial in cases of waiver. Previous cases addressing motions of this kind have looked at whether the issues to be tried are well suited to resolution by

a jury; the potential for disruption of the court's schedule; the potential for schedule disruption of or other prejudice to the adverse party; how long the moving party has delayed making the request; and the reason for the delay. *AM Int'l, Inc. v. Eastman Kodak Co.*, 648 F. Supp. 506, 507 (N.D. Ill. 1986).

Several of these considerations weigh in favor of granting the instant motion. Damages issues are regularly resolved by juries. The court's schedule is not impacted by the request, since no trial date has yet been set. e360 asserts that it would be prejudiced if the case goes before a jury. However, it has not provided any specific explanation of how it would have prepared differently if the demand had been made sooner or requested additional time to accomplish some unfinished task if the instant motion is granted. We do not accept as a general proposition that a case prepared for a bench trial materially differs from one prepared for presentation to a jury, any more than we accept the proposition that the ultimate outcome of a case depends upon the identity of the factfinder. Accordingly, we are not persuaded by e360's arguments of prejudice.

Moreover, this court places great faith in juries and the soundness of their decision-making; all other things being equal, that would have been a sufficient basis for us to grant Spamhaus' request, despite the extended delay in bringing it.

However, we must also recognize that Spamhaus is the moving party and therefore bears the burden of providing sound reasons why relief is appropriate. In its brief in support of the motion, Spamhaus claims that the delay in requesting a jury resolution had several bases. One is current counsel's assertion that, prior to the denial of summary judgment, it had no reason to examine the procedural history of the case to determine whether a jury demand had been made on behalf of Spamhaus. Even if counsel had believed that summary judgment was a likely outcome, it is difficult to believe that the wisdom of preparing for other contingencies would not occur to them. Many of the early filings also alluded to a jury demand; the issue is not one that has been hidden from view.

Spamhaus also pleads ignorance of American law, but throughout this case it has been represented by able counsel who are well versed in our legal system. Furthermore, Spamhaus has been instructed as to the salient legal points by predecessor counsel and this court in clear and unequivocal terms, so protestations of continued unfamiliarity are not supportable.

Finally, Spamhaus insists that its current situation stems from what it terms a "disruption in its relationship with predecessor counsel," which appears to be a euphemism for Spamhaus' decision to ignore predecessor counsel's advice regarding the certain ramifications of the decision to disregard the existence of the instant case.

Like so many other rights, the right of a civil litigant to present a case to a jury must be protected by the party who holds it. The consequences of failure to timely assert and preserve a right falls on the shoulders of the party charged with its protection. Here, Spamhaus has attempted to justify its failure to safeguard its right to a jury trial by casting aspersions upon former counsel that are not supported by the record. A grant of affirmative relief should not be predicated on a presentation that ignores what is plainly set forth in a case's transcripts and docket. Consequently, in light of all the circumstances present in this case, we conclude that Spamhaus' waiver should stand.

## CONCLUSION

Based on the foregoing analysis, the motion for jury trial is denied.

*/s/ Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: __October 8, 2009__