IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| e360 INSIGHT, LLC, an Illinois Limited Liability Company, and DAVID LINHARDT, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> THE SPAMHAUS PROJECT, a company limited by guarantee and organized under the laws of England, a/k/a THE SPAMHAUS PROJECT, LTD., <br><br> Defendant. | Case No. 06 C 3958 <br><br> District Judge Charles P. Kocoras <br> Magistrate Judge Geraldine Soat Brown |

**THE SPAMHAUS PROJECT'S RULE 59(e) MOTION TO
ALTER JUDGMENT BY VACATING DAMAGES AWARD**

Defendant The Spamhaus Project ("Spamhaus") respectfully moves this Court under Federal Rule of Civil Procedure 59(e) for entry of an order altering the June 11, 2010 judgment by vacating the damages award of $27,000 for tortious interference with contract and entering an award of nominal damages instead. In support of this motion, Spamhaus submits the accompanying memorandum of law and exhibits, and states:

1. After properly rejecting Plaintiffs' outlandish multi-million dollar claims for defamation and tortious interference with prospective economic advantage, the Court awarded Plaintiffs $27,000 for tortious interference with existing contract. The $27,000 award was based on evidence offered at trial regarding e360 Insight LLC's monthly revenue from its alleged relationships with SmartBargains, Vendare Media and OptinBig (the "Putative Lost Revenue").

2. However, the Court's award based on Linhardt's Putative Lost Revenue testimony suffers from several of the same foundational flaws the Court separately held barred an award based on Linhardt's more complicated offerings related to lost profits and lost enterprise data. The Court should vacate that award, and enter nominal damages only, for three reasons.

3. *First*, the $27,000 award is erroneous because the Putative Lost Revenue – the sole foundation for the Court's award – was ***not*** disclosed during discovery, and the Court already struck the information on motion as prejudicial to Spamhaus.

4. *Second*, the $27,000 award cannot stand because it is not *lost profits* but *lost revenue*, with no deduction for costs, which the Court has also correctly concluded cannot form the basis of a damages award.

5. *Third*, the $27,000 award should be vacated because the Putative Lost Revenue is based on *consolidated* revenue data for all of Linhardt's entities, which the Court has also concluded cannot support an award for the two plaintiffs here.

6. In further support of this motion, Spamhaus submits the accompanying memorandum and exhibits.

WHEREFORE, Spamhaus respectfully requests that the Court alter the June 11, 2010 judgment by vacating the damages award of $27,000 for tortious interference with contract and entering an award of nominal damages instead.

Respectfully submitted,

THE SPAMHAUS PROJECT

Dated: July 9, 2010

s/ David Jiménez-Ekman
Craig C. Martin
David Jiménez-Ekman
Joseph Dunn
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 923-2683 telephone
(312) 840-7683 facsimile
*Attorneys for Defendant*