# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3958 | **DATE** | September 30, 2010 |
| **CASE TITLE** | e360 Insight vs. The Spamhaus Project | | |

**DOCKET ENTRY TEXT**

We deny Spamhaus' motion (Doc [247]) to alter or amend our order of 6/11/2010.

■[ For further details see text below.]   Docketing to mail notices.

# ORDER

     This case comes before the court on the motion of Defendant The Spamhaus Project ("Spamhaus") to alter or amend our June 11, 2010, order entering judgment in this case. For the reasons stated below, we deny Spamhaus' motion.

     Spamhaus asks us to vacate the $27,000 in damages awarded to Plaintiffs e360 Insight, L.L.C. and David Linhardt (collectively, "Plaintiffs") on their tortious interference with contract claim and enter an award of nominal damages instead. A party may move to alter or amend a judgment within 28 days after entry of the judgment challenged. Fed. R. Civ. P. 59(e). "A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Additionally, "a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment[.]" *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007).

     Spamhaus contends that it would suffer unfair prejudice were we to award damages to Plaintiffs based on testimony derived from monthly revenue calculations which we previously barred Plaintiffs from using as evidence. As an initial matter, we note that Plaintiffs did not seek to admit the document at issue into evidence at the hearing but rather used the monthly revenue calculations to refresh Linhardt's recollection of matters within his personal knowledge. A witness may use a writing to refresh his memory for the purpose of testifying so long as the adverse party has an opportunity to inspect the document, cross-examine the witness on the document, and introduce portions of the document related to the testimony into evidence. Fed. R. Evid. 612. In this instance, Plaintiffs' counsel presented Linhardt with a document listing the monthly revenues e360 generated from three particular clients prior to Linhardt's testimony about the revenue the company lost as a result of Spamhaus' internet policing efforts. Consistent with the Federal Rules, we never admitted the revenue calculations into evidence and we furnished Spamhaus' counsel with the opportunity to cross-examine Linhardt regarding the

| ORDER |
|---|

calculations. Any concerns Spamhaus had regarding prejudice from Linhardt's use of the document during his testimony should have been addressed during cross-examination at trial. Additionally, we based our award of damages not on the document itself but upon the credible portions of Linhardt's knowledgeable testimony regarding the average monthly revenue e360 received from the entities listed. As the owner of e360, Linhardt had personal knowledge of average monthly revenues his business obtained and the court could permissibly credit his testimony on that basis. *See Zenith Elec. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 420 (7th Cir. 2005) (business managers or owners may testify as to data related to their enterprise). Under the circumstances, we do not find that Spamhaus suffered any prejudice from our awarding lost profits damages on the basis of Linhardt's testimony and decline to vacate our award on that basis.

Spamhaus further contends that we should set aside our lost profits damages award because the amount specified does not include a deduction for Plaintiffs' expenses. "Lost profits, by their very nature, will always be uncertain to some extent and incapable of calculation with mathematical precision." *Belleville Toyota v. Toyota Motor Sales, U.S.A.*, 770 N.E.2d 177, 199 (Ill. 2002). The evidence need only "afford a reasonable basis for the computation of damages" that can be traced to a defendant's conduct. *Midland Hotel Corp. v. Reuben H. Donnelly Corp.*, 515 N.E.2d 61, 66 (Ill. 1987). We find that Linhardt's testimony regarding the average monthly revenue from the three entities at issue provides a reasonable basis for the computation of damages on the tortious interference with contract count. We acknowledge that we identified a failure to account for costs and expenses as one of the many problems with Linhardt's damages calculation in the context of his interference with prospective economic advantage claim. Though failure to account for expenses and costs in calculating prospective damages over a much longer period of time may render the resulting determination speculative, we do not believe that removing such considerations from the calculation of damages for losing only one month's revenue resulted in an unduly speculative award. The evidence adduced at trial provided a reasonable basis for our damages award; therefore, we reaffirm the award on that basis.

Finally, Spamhaus asks us to overturn the damages award because, it argues, there is no evidence the lost revenue belonged exclusively to e360. As stated earlier in this opinion, Linhardt himself testified that the revenue at issue belonged exclusively to e360. We based our award on that testimony, and we see no reason to discredit the testimony regarding matters within his personal knowledge. *See Zenith*, 395 F.3d at 420.

Based on the foregoing, we deny Spamhaus' motion to alter or amend our order of June 11, 2010.

Dated:   **September 30, 2010**

*[signature: Charles P. Kocoras]*

**CHARLES P. KOCORAS**
**U.S. District Court Judge**